MICHAEL R. FREDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frede v. Commissioner
Docket No. 38665-87
United States Tax Court
T.C. Memo 1990-76; 1990 Tax Ct. Memo LEXIS 76; 58 T.C.M. (CCH) 1419; T.C.M. (RIA) 90076; February 15, 1990
Michael R. Frede, pro se. Douglas W. Hinds, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in and additions *77 to petitioner's 1984 Federal income tax as follows: Additions to tax Deficiency
sec. 6651(a)(1) [1]
sec. 6653(a)(1)
sec. 6653(a)(2)
$ 22,412
$ 5,262.25
$ 1,120.60
*
Additions to tax
Deficiency
sec. 6654(a)
sec. 6661(a)
$ 22,412
$ 337.66
$ 5,603
After concessions, the only issue is whether petitioner is liable under section 6653(a)(1) for an addition to tax for negligence in the amount of $ 664.55. Petitioner resided in Monticello, Minnesota when he filed his petition. Petitioner filed no Federal income tax return for the 1984 taxable year, nor for any other year from 1980 through 1986. The parties agree petitioner's 1984 tax liability was $ 13,291 on $ 48,559 of taxable income. He is entitled to withholding credits of $ 13,631. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is "due to negligence *78 or intentional disregard of rules or regulations * * *." An underpayment is a deficiency as defined in section 6211. Sec. 6653(c). For the purposes of the instant case, section 6211(a) defines a deficiency as the amount by which the tax liability exceeds the tax shown on petitioner's return. Since petitioner filed no return, the deficiency equals his tax liability. Section 6211(b)(1) provides that petitioner's tax shall be determined without regard to any withholding credits under section 31. Accordingly, petitioner's underpayment equals his $ 13,291 tax liability. The $ 664.55 addition to tax under section 6653(a)(1) is 5 percent of the $ 13,291 underpayment. Petitioner will escape liability under section 6653(a)(1) if he shows reasonable justification for his failure to file. Rule 142(a); . Petitioner contends his failure to file was not negligent because his tax liability is less than his withholding credits. However, section 6012 clearly requires a taxpayer in petitioner's position to file a return regardless of the level of his withholding credits. Petitioner also explains that he did not file a return *79 because prior to the filing date for his 1984 returns he had lost the Schedules K-1 showing a $ 5,592.45 loss from various partnerships. Petitioner's contentions do not constitute reasonable justification for failure to file. Petitioner has presented no other evidence. Petitioner is liable for the addition to tax under section 6653(a)(1). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest on the underpayment. ↩